COBB, Judge.
This consolidated appeal arose as a result of a jury trial and final judgment in favor of Marlow Investments (predecessor in interest to Carmelitas Holding Company) against SABTC (homeowners association and predecessor in interest to Paradise Beach Resort St. Augustine, Inc.). The judgment, which was ultimately transferred to Carmelitas, was a result of a suit by Marlow (guarantor) against SABTC which occurred because SABTC defaulted on a loan it had taken out with Barnett Bank to-meet expenses. Several years after the final judgment had been entered, SABTC transferred to Paradise all right, title and interest under the Declaration of Association, which also included the right to assess and- collect dues from its members. The assignment and assumption agreement also included the obligations of SABTC.
Carmelitas filed a motion for proceedings supplemental to execution and a motion to implead Paradise, which were granted by the *661 trial court. Carmelitas also filed a creditor’s bill against SABTC and Paradise claiming the SABTC/Paradise transfer was “made for the sole purpose of defrauding Carmelitas Holding Company” and hence was a fraudulent conveyance.
'The trial court essentially disregarded the transfer and SABTC and Paradise were treated as one entity. At this point, the only remaining issue was whether SABTC (now Paradise) had any property which was subject to the payment of the debt. The trial court concluded that the homeowners association only had authority to levy assessments for specific purposes and paying a judgment was not one of the purposes given. Thus, the court held that Carmelitas could not impose a creditor’s bill upon the assessment funds to satisfy its judgment and granted summary judgment for Paradise.
Initially, we note that the Articles of Incorporation authorize the association to levy assessments to pay costs, expenses and obligations lawfully incurred in connection with the association’s affairs. The Articles also authorize the association to borrow money. Article V, Section 2 of the Declaration of Association provided that the assessments must be used exclusively to promote the recreation, health, safety and welfare of the residents and for the operation, management, maintenance, repair, servicing, renewal, replacement, and improvement of the common area and exteriors of the lots. The annual assessment was to be levied to provide for operational expenses and improvement of the property and facilities including the payment of taxes and insurance on the common areas, costs of labor, equipment, and “all other general activities and expenses of the association.”
Because the Articles specifically allow the homeowners to borrow money and the Declaration of Association authorizes annual assessment fees to provide for general activities and expenses of the association, the borrowing of money must be viewed as a general expense. The law simply does not allow an association to borrow money and then absolve itself from repayment through its declarations or by-laws.
As Carmelitas correctly points out:
The homeowners association, cannot assert that repayment of a debt is ultra vires in an attempt to invalidate what was otherwise a permissible corporate action — borrowing money from Barnett Bank to meet the expenses of operating the association and maintaining the association’s property....
Accordingly, we reverse the final summary judgments and remand for further proceedings.
REVERSED AND REMANDED.
PETERSON, C.J., and W. SHARP, J., concur.